JOHN GIORDANO
United States Attorney
DAVID V. SIMUNOVICH
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 645-2736
david.simunovich@usdoj.gov

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* VERITY INVESTIGATIONS, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>AMERICAN FURNITURE RENTALS, INC.,<br><br>*Defendant*. | HON. KAREN M. WILLIAMS<br><br>Civil Action No. 24-7540 (KMW) (SAK)<br><br>**FILED UNDER SEAL &amp; *EX PARTE*** |

**THE UNITED STATES' NOTICE OF ELECTION TO INTERVENE FOR PURPOSES OF EFFECTUATING SETTLEMENT**

The United States, Relator Verity Investigations, LLC, and Defendant American Furniture Rentals, Inc. ("AFR"), have reached a settlement agreement to resolve the claims brought on behalf of the United States in this action. In light of this agreement, and for the purpose of effectuating and formalizing that resolution, pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), the United States respectfully advises the Court of its decision to intervene for the purposes of settlement.

Specifically, the United States intervenes in this action with respect to civil

claims predicated upon the following factual allegations (the "Covered Conduct"):

 (i) On or about April 6, 2020, AFR applied for a loan pursuant to the federal Paycheck Protection Program ("PPP"), which was implemented under the federal Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). This is referred to as AFR's "First Draw PPP Loan."

 (ii) Based on the PPP rules in effect at the time of AFR's First Draw PPP Loan, AFR was eligible to participate in the PPP and received a PPP loan totaling approximately $10 million.

 (iii) AFR applied for and received forgiveness of the First Draw PPP Loan.

 (iv) On or about January 20, 2021, AFR applied for another PPP loan. This is referred to as AFR's "Second Draw PPP Loan." A lender approved the loan application and issued a PPP loan to AFR in the amount of $2,000,000. In connection with AFR's Second Draw PPP Loan, the SBA paid a processing fee to the lender totaling $60,000.

 (v) Between the date of AFR's First Draw PPP Loan and its Second Draw PPP Loan, the rules concerning eligibility for PPP loans changed. Among other changes, and as is relevant here, the total employee limit for an applicant was reduced from 500 or fewer employees in the first round of PPP loans to 300 or fewer employees in the second round of PPP loans. In addition, under the first round of PPP loans, certain companies with more than 500 employees could be eligible for a PPP loan if they qualified as small under SBA's alternative size standard.

> However, under the second round of PPP loans, the alternative size standard was no longer a viable basis for eligibility.

(vi) In applying for its Second Draw PPP Loan, AFR certified that it was eligible to participate in the PPP program under the eligibility rules in effect at that time.

(vii) AFR was ineligible for its Second Draw PPP Loan because it had more than 300 employees and because the alternative size standard was no longer a viable method to become eligible for a PPP loan.

(viii) After receiving its Second Draw PPP Loan, AFR thereafter applied for and received forgiveness of the loan. Based on AFR's application, the SBA forgave the loan, thereby extinguishing AFR's liability for the $2,000,000 principal loan amount, as well as $16,931 in accrued interest.

Under the terms of the settlement agreement among the parties, following Defendants' payment of the settlement amount, the United States and the Relator will file a Notice of Voluntary Dismissal with respect to all claims brought on behalf of the United States against all defendants named in the caption.

In light of the settlement agreement reached among the parties, the United States does not presently intend to file a complaint in intervention but reserves the right to seek leave to file such a complaint in the event that AFR does not pay the full settlement amount consistent with the terms of the settlement agreement.

Finally, the United States hereby requests that the Court unseal the

Relator's Complaint, this Notice of Intervention for Purposes of Effectuating Settlement, and all subsequent filings following this Notice of Election.

The United States further requests that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and the time for making an election to intervene should be extended.

A proposed order accompanies this Notice.

Dated: Newark, New Jersey
March 17, 2025

                                                Respectfully submitted,

                                                JOHN GIORDANO
                                                United States Attorney

By:   */s/ David V. Simunovich*
       DAVID V. SIMUNOVICH
       Assistant United States Attorney
       970 Broad Street, Suite 700
       Newark, NJ 07102
       Tel. (973) 645-2736
       david.simunovich@usdoj.gov